IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE SCOTT,  )  <br>    Plaintiff,  )  <br>  )  <br>v.  )  <br>  )  <br>FUNDAMENTAL PROVISIONS, LLC,  )  <br>*d/b/a Popeye's Chicken*,  )  <br>    Defendant.  ) | CIVIL ACTION NO. 10-0019-KD-N |

## ORDER

This action is before the Court on Plaintiff's response (Doc. 50) to the Court's Order dated July 30, 2013 (Doc. 49). Noting Defendant's continuing bankruptcy, which has necessitated a stay of this action, the Court ordered Plaintiff "to show cause . . . why this action should not be dismissed without prejudice." (Id.). In response, Plaintiff represents that she "has no information to dispute the representation by Defendant's counsel regarding the financial status of the defendant or the status of its bankruptcy case[,] . . . that she has not attempted to lift the automatic stay in the Defendant's most recent bankruptcy case[,] . . . [and that she] does not intend to lift the automatic stay . . ." (Doc. 50). Accordingly, Plaintiff states that, "reluctantly, [she ]cannot provide any grounds to oppose the dismissal without prejudice of this action." (Id.). Upon consideration, the Court finds that the stay of this action is due to be **LIFTED** and this action **DISMISSED without prejudice**.

Previously, this action was stayed upon notice of Defendant's involuntary Chapter 11 bankruptcy action. (Docs. 42-43). Although the automatic stay has issued, "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" Robert v. Bell Helicopter Textron, Inc., No. 3:01-CV-1576-L, 2002 WL 1268030, at *2 (N.D. Tex. May 31, 2002) (quoting Picco v.

Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990); also citing Arnold v. Garlock, Inc., 288 F.3d 234, 236 (5th Cir. 2002) (citing cases)). See also Dennis v. A.H. Robins Co., Inc., 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay."). The automatic stay, in relevant part, operates to stay the continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Also, the automatic stay serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy proceedings and to protect creditors by preserving the debtor's estate. Carver v. Carver, 954 F.2d 1573, 1576 (11th Cir. 1992).

"[C]ourts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to rule 41(a) of the Federal Rules of Civil Procedure[,]" so long as the dismissal is not inconsistent with the purpose of the automatic stay. Settles v. Comm'r of Internal Revenue, 138 T.C. No. 19, Nos. 13224-09L & 13225-09L, 2012 WL 1605350, at *3 (T.C. May 8, 2012) (citing Arnold v. Garlock Inc., 288 F.3d 234 (5th Cir. 2002); Slay v. Living Ctrs. E., Inc., 249 B.R. 807 (S.D. Ala. 2000);[1] Chase Manhattan Bank, N.A. v. Celotex Corp., 852 F. Supp. 226 (S.D.N.Y. 1994)).[2] The Court finds no reason why a *sua sponte* dismissal without prejudice should not be allowed as well. Because

---

[1] In Slay, the district court found that a voluntary dismissal under Rule 41(a)(1)(A)(i) does not violate the automatic stay and that " 'the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.' " 249 B.R. at 807 (quoting Chase Manhattan Bank, N.A. v. Celotex Corp., 852 F. Supp. 226, 228 (S.D.N.Y. 1994)).

[2] See also Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc., 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude disposing of a motion to dismiss a bankruptcy appeal); Gallagher v. Sports Publ'g, LLC, No. 07-CV-2025, 2009 WL 294400, at *2 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors.").

dismissal of this action would relieve Defendant from the expense of litigation and preserve to all creditors any assets that would be subject to a potential recovery in this action, lifting the stay to allow for dismissal of this action without prejudice is not inconsistent with the purposes of the automatic stay.

Accordingly, it is **ORDERED** that the stay of this action entered January 27, 2012 (Doc. 43) is **LIFTED** and that this action is **DISMISSED without prejudice**

**DONE** and **ORDERED** this the **12th** of **August 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**